UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

VIDA Y ESTILO, CORP.

    Plaintiff,

vs.

OH! MEXICO BAR AND GRILL INC.,
LILIANA P VAZQUEZ PACHECO,
MOISES VERA, and MOISES VERA, JR.

    Defendants.
_____/

## COMPLAINT

Plaintiff, Vida y Estilo, Corp. ("Plaintiff"), sues Defendants, Oh! Mexico Bar and Grill Inc. ("Defendant OMBG"), Liliana P Vazquez Pacheco ("Defendant Vazquez") Moises Vera ("Defendant Vera"), and Moises Vera, Jr. ("Defendant Vera Jr.") (collectively "Defendants") and makes the following allegations:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a corporation of Florida with a principal address of 410 Española Way, Miami Beach, Florida 33139.

2. Defendant OMBG is a corporation of Georgia with a principal address of 492 Jimmy Deloch Parkway, Suite 103, Savannah, Georgia, 31407.

3. Defendants Vazquez, Vera, and Vera Jr. are domiciled in Port Wentworth, Georgia.

4. Upon information and belief, Defendants Vazquez, Vera, and Vera Jr. are moving, conscious, and active forces behind Defendant OMBG.

5. Based on corporate records in the Georgia Department of State, Defendant Vazquez is the Registered Agent and Chief Executive Officer of Defendant OMBG.

6. Based on corporate records in the Georgia Department of State, Defendant Vera is the Secretary of Defendant OMBG.

7. Based on corporate records in the Georgia Department of State, Defendant Vera Jr. is the Chief Financial Officer of OMBG.

8. This is an action for federal trademark infringement pursuant to 15 U.S.C. § 1114, false designations of origin pursuant to 15 U.S.C. § 1125(a), and the state causes of action of common law trademark infringement, unfair competition, and breach of contract.

9. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 28 U.S.C. § 1338, and under the doctrine of supplemental jurisdiction over state claims arising from a common nucleus of operative facts.

10. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) and §1400(b) because Defendants do business in this District and/or a substantial part of the events or omissions giving rise to the claim occurred in this District.

**FACTUAL BACKGROUND**

11. Plaintiff was incorporated in Florida in 1996 and has been in the restaurant industry since its formation.

12. Plaintiff owns and manages a restaurant group that has operated several successful restaurants in the United States.

13. Plaintiff's restaurant group currently consists of three restaurants in Nevada and ten in Florida including its OH! MEXICO restaurant specializing in Mexican cuisine.

14. Plaintiff is the owner of the valid and subsisting marks registered on the Principal Register ("Plaintiff's Marks") listed below:

| US Reg. No. | Trademark | Services |
|---|---|---|
| 4939569 | OH! MEXICO | *Restaurant services* in International class 043. |
| 4940724 | Oh! MEXICO MEXICAN FOOD 1997 | *Restaurant services* in International class 043. |

15. True and correct copies of the United States Patent and Trademark Office registration certificates for the Plaintiff's Marks is attached hereto as Exhibit "1".

16. OH! MEXICO is Plaintiff's authentic Mexican restaurant that first opened in 1997 in Florida and has continuously served customers since then.

17. Plaintiff has used, and continues to use, in commerce in the United States, the OH! MEXICO word mark for restaurant services at least as early as 1997.

18. Plaintiff has used, and continues to use, in commerce in the United States, the OH! MEXICO design mark for restaurant services at least as early as 2014.

19. Plaintiff's Marks have become well known in the restaurant industry and with Plaintiff's potential and current customers.

20. Plaintiff's Marks are inherently distinctive when applied to restaurant services and/or have acquired secondary meaning.

21. Plaintiff has continuously advertised and promoted its goods bearing Plaintiff's Marks thus creating valuable goodwill for Plaintiff's Marks.

22. In 2019, Plaintiff discovered that Defendant OMBG was operating a restaurant named OH! MEXICO BAR & GRILL in Georgia.

23. On August 12, 2019, Plaintiff sent Defendant OMBG a cease and desist letter demanding it cease its infringement of Plaintiff's Mark. See Exhibit 2.

24. Following several discussions, Plaintiff and Defendant OMBG entered into a Settlement Agreement (the "Agreement") in December 2019 / January 2020. See Exhibit 3.

25. Defendant Vera signed the Agreement on behalf of Defendant OMBG.

26. Defendant OMBG agreed to change its menu, signage, and digital marketing materials.

27. The terms of the Agreement apply not only to Defendant OMBG, but also to its officers, stockholders, agents, attorneys, successors, and assigns. See ¶5 of the Agreement.

28. Without Plaintiff's authorization, and despite the Agreement, Defendants offer and render restaurant services under the name OH! MEXICO TEQUILA & GRILL. The marks "OH! MEXICO TEQUILA & GRILL" and "OH! MEXICO BAR & GRILL" shall be referred to collectively as the "Infringing Marks".

29. Defendants' Mexican restaurant bearing the name OH! MEXICO TEQUILA & GRILL is located in Savannah, Georgia and as of the date of this Complaint is currently serving customers.

30. Defendants' Mexican restaurant bearing the designation OH! MEXICO TEQUILA & GRILL is closely located near the Savannah/Hilton Head International Airport.

31. Defendants own and/or operate the website https://oh-mexico-bar-and-grill.business.site where they promote their restaurant bearing the Infringing Marks to current customers as well as potential customers including tourists and visitors from other states such as Florida.

32. Promoting their restaurant, Defendants' restaurant bears a large front sign identifying it as OH! MEXICO.

33. Plaintiff's Marks and the Infringing Marks are highly similar.

34. Plaintiff's Marks and the Infringing Marks all contain the wording OH! MEXICO as the dominant portion of the mark.

35. Plaintiff's Marks and the Infringing Marks are used for identical services—restaurant services—and even for the same type of cuisine—Mexican.

36. Plaintiff's Marks and the Infringing Marks are similarly promoted online through websites and social media.

37. Plaintiff has been, and will continue to be, damaged by the acts of Defendants.

38. Moreover, the goodwill of Plaintiff has been damaged and will continue to be irreparably damaged unless enjoined.

39. There is no adequate remedy at law for this irreparable harm unless an injunction is issued.

**COUNT I**
**VIOLATION OF SECTION 32(a) OF THE LANHAM ACT (15 U.S.C. § 1114)**
*Against all Defendants*

Plaintiff realleges the allegations set forth in paragraphs 1 through 39, inclusive.

40. The above referenced acts constitute infringement of Plaintiff's Marks in violation of Plaintiff's rights under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

41. The use in commerce by Defendants of the Infringing Marks is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' restaurant services, and is likely to cause consumers to believe, contrary to fact, that Defendants'

services are rendered, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

42. Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Plaintiff's Marks and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

43. Defendants Vazquez, Vera, and Vera Jr. actively participate in the above referenced infringing activities and controlled the infringing activities of Defendant OMBG.

44. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court.

45. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT II
## VIOLATION OF SECTION 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))
*Against all Defendants*

Plaintiff realleges the allegations set forth in paragraphs 1 through 39, inclusive.

46. The above referenced acts constitute misrepresentations under Section 43(a) of the Lanham Act 15 U.S.C § 1125(a). Defendants' unauthorized use in commerce of the Infringing Marks as alleged herein constitutes false designation of origin and misleading descriptions and representations of fact.

47. Defendants' unauthorized use in commerce Infringing Marks as alleged herein is likely to cause confusion as to the origin, source, sponsorship, or affiliation of Defendants' restaurant services and is likely to cause consumers to believe, contrary to fact, that Defendants' services are rendered, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

48. Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

49. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant the remedies provided under Sections 34 and 35 of the Lanham Act (15 U.S.C. §§ 1116 and 1117) including preliminary and permanent injunctive relief, compensatory damages, treble damages, attorneys' fees, costs, and any other relief the Court deems just and proper.

## COUNT III
## COMMON LAW MARK INFRINGEMENT
*Against all Defendants*

Plaintiff realleges the allegations set forth in paragraphs 1 through 39, inclusive.

50. Defendants' above referenced conduct constitutes trademark infringement in violation of the common law of the State of Florida.

51. The use and/or advertising of the Infringing Marks by Defendants is likely to cause confusion or mistake among purchasers as to the source of the Defendants' restaurant services with those of Plaintiff.

52. Plaintiff has used, in commerce and in Florida, Plaintiff's Marks for restaurant services prior to Defendants' adoption of the Infringing Marks.

53. Defendants' deliberate and willful use and/or advertising of the Infringing Marks to identify the same, or related, goods is likely to cause confusion or mistake among purchasers as to the source and sponsorship of the goods and such acts of said Defendants constitutes common law infringement of Plaintiff's Marks.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant preliminary and permanent injunctive relief, compensatory damages and punitive damages, accounting and lost profits, and any other relief the Court deems just and proper.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION
*Against all Defendants*

Plaintiff realleges the allegations in Paragraphs 1 through 39, inclusive, as if fully set forth herein.

54. The conduct of Defendants violates Florida's common law unfair competition laws.

55. Plaintiff is active in the restaurant industry and adopted Plaintiff's Marks prior to Defendants' adoption of the Infringing Marks and has continuously used said marks in Florida and throughout the United States since at least 2015.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant preliminary and permanent injunctive relief, compensatory damages and punitive damages, accounting and lost profits, and any other relief the Court deems just and proper.

## COUNT V
## **BREACH OF CONTRACT**
*Against all Defendants*

Plaintiff realleges the allegations in Paragraphs 1 through 39, inclusive, as if fully set forth herein.

56. Plaintiff and Defendant OMBG entered into the Agreement in December 2019 / January 2020.

57. Pursuant to the Agreement, Defendant OMBG agreed to change its menu, signage, and digital marketing materials.

58. The terms of the Agreement apply not only to Defendant OMBG, but also to its officers, stockholders, agents, attorneys, successors, and assigns.

59. Defendants have failed to change the restaurant's menu, signage, and digital marketing materials.

60. Defendants continue to engage in above-described infringing activity despite their Agreement with Plaintiff.

61. As a result of Defendants' failure to comply with the terms of the Agreement, Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendants and grant compensatory damages, costs, interests and all other relief the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests trial by jury for all issues so triable.

Dated: October 14, 2020 Respectfully submitted,

*/s/ Christian Sanchelima*
Christian Sanchelima, Esq.
Florida Bar No. 107751
Email: chris@sanchelima.com
Sanchelima & Associates, P.A.
235 S.W. Le Jeune Road
Miami, Florida 33134
Telephone: (305) 447-1617
Facsimile: (305) 445-8484
*Attorneys for Plaintiff*

## VERIFICATION

I, Hector Hurtado, declare as follows:

I am a ___UGR___ of Vida y Estilo, Corp. and I am authorized to make this verification on its behalf.

I have read the foregoing VERIFIED COMPLAINT and I am familiar with its contents. The matters stated therein are true to the best of my knowledge, information, and belief.

Executed on September 22, 2020 in Miami, Florida.

I declare under penalty of perjury under the laws of the United States and the State of Florida that the foregoing is true and correct.

_____
Hector Hurtado